The next case is number 22, 2285, Love v. McDonough. Okay, Ms. McKenna. So we have these two cases, Love and Lindgren, which are quite similar, and both counsel are the same in the two cases. So I'm assuming that you're not going to duplicate your argument in Lindgren, except you confine yourself in Lindgren to the different feature of that case and not repeat everything. McKenna Yes, Your Honor, that's exactly correct. McDonough Go ahead. McKenna Good morning, Your Honor, and may it please the court. My name is Chrissy McKenna, and I'm privileged to be here today representing three veterans. This case is about the Secretary prematurely implementing non-final agency action, and in doing so, subjecting each veteran to a here and now injury that no court will ever address absent mandamus relief. Brett So could you help me understand what your position is on the entitlement to interim payments? Is the idea that if the veteran loses, the veteran nonetheless would keep the interim payments that you say should be received, or is the notion that the interim payments are tentative and would have to be given back if the veteran lost? McKenna Yes, Your Honor, and to briefly address that question. First, we're not asking this court to reach the merits on that issue. Brett No, no, no. What's the answer to my question? McKenna Yes, the answer is that it would be tentative. The government is able to seek to recover those overpayments if it is created. It would be tentative if they lose the appeal. Yes, we're not suggesting... Brett So in Love's case, this case is moved. McKenna In Love's case, there isn't a final decision yet, of course, because it's pending before the Federal Circuit. Brett Is the third case being argued today? McKenna Correct, yes. Brett The third of the three veterans cases. McKenna Yes, Your Honor. And so here, each petition is asking the Veterans Court to decide who holds the money during that interim period, and we're not suggesting that should the veterans ultimately lose on that question that the government couldn't come back and seek overpayment. Instead, what we're saying is each veteran is subjected to a here and now injury because they're forced to live in this interim period without the full compensation to which they're entitled. And that relief is something that no court can ever address without mandamus review. Brett I don't understand that. I mean, in Lindgren, there was an application for interim payments that could have happened here. And once you request the interim payments, if they're denied, you could appeal that determination. And while the appeal is pending, you could request under Rule 8 that there be a stay of the decision denying the payment. So why isn't there an alternative remedy? Why appeal? McKenna Because the board has made clear that they what the board says. It's us that makes the decisions about this. Brett Yes, your honor. And to be clear, if your honors were to compel or order the Veterans Court to compel a decision on this from the board, we do think that's within the relief that we're requesting today. However, as it currently stands for three of the four, I don't think so. I think you've been very clear that that's not the relief you're requesting today. McKenna It's not. We certainly would like more than that. But what I'm suggesting is that that's within the broad language of the petition that could also be requested. Brett I don't see where that's the case. I mean, I read your briefs and the two cases as specifically saying that's not what you're requesting. McKenna I don't want to argue with your honor on that point. My point is only that we think that we're requesting relief broader than that. And the Rule 8 stay that your honor suggested isn't even implicated yet for three of the four decisions because we don't have a board decision. Brett But the question is, do you have an adequate remedy by appeal? You can ask for interim payments. If they're denied, you can appeal that. If they don't act on the request, then you can ask for a mandamus to force them to act on it. And if you do appeal it, then under Rule 8, you can ask that the payments continue pending appeal. I don't understand why that's not an adequate remedy by appeal. McKenna Thank you, your honor. And we've seen in the Lindgren case that that's a meaningless distinction because- Brett What do you mean? Why is it meaningless? McKenna Because there the veteran followed exactly the guidance that your honor is suggesting here and that the Veterans Court said was that you need a decision from the agency first. Mr. Lindgren did that and we're in the exact same position. Brett Oh, maybe they were wrong. And we can- your remedy by appeal doesn't stop with the Veterans Court. You have a remedy by appeal here. McKenna Right. And so we think that the appeal- the remedy can't be addressed without the Veterans Court  These circumstances, I think, are very akin to transfer cases that this court addresses repeatedly. And under 1404A, this court has found mandamus authority applicable even though the lower court can reach a decision and even though, yes, technically the claim for relief could later be addressed. But the issue is that there's no remedy that the court could provide if in the 1404 instance, for example, if a petitioner is asked to fully litigate their claim in an inconvenient forum, then by the time they appeal that decision, they've already suffered the harm that they're seeking relief from. And that's the same instance here. Mr. Lindgren That's not my suggestion. My suggestion is not that you have to wait until there's a final decision on the merits of the claim. My suggestion is you've got a remedy by appeal immediately to appeal the denial of the interim payments. And you can seek temporary relief pending appeal under Rule 8. And why is that not an adequate remedy? Ms. McFarland Yes, Your Honor. And we believe it is an adequate remedy. If the board were to reach a decision on the implementation date, yes, we could seek a stay under Rule 8. That is, of course, a high burden, as the government acknowledges. But yes, that is a remedy that exists. The reason we're here today is because we don't have that option because of how the board has acted. I understand Your Honor's point to say that you can overturn that decision, and we would request that you do. Mr. Lindgren Aren't you, Ms. McKenna, just really trying to shortcut the appeal process? Because one of the things you have to show to obtain the mandamus of relief is that you do not have any other adequate method to obtaining relief. And as your discussion with Judge Dyke suggests to me, there are adequate ways of obtaining the relief you're seeking. And those ways are available to your client and other clients. I mean, you just want to get it up there quicker. And sometimes that doesn't happen. Ms. McFarland Right. No, Your Honor. We're not trying to skip any steps here. We think that an alternative path exists only if the decision of the Veterans Court is overturned. We don't have the possibility to get board review right now because the board has already said that they won't address this issue until they address the merits. And at that point, the claim for relief during a non-final action is mooped. The court can't provide relief for it. Mr. Lindgren So you could ask for a mandamus to force them to decide it now? Ms. McFarland And we do think that that is within the petitions that we've got. Yes, I... Mr. Lindgren Could you show me where in the brief you make that argument? Ms. McFarland Yes, Your Honor. Or, I'm sorry, I misunderstood your question. I thought you were asking where in the petition that we've made that argument. In the brief, I'll have to follow up with you to find the exact page. If I could point, Your Honor, to the petition language, if that would be helpful. So, it's on page... On appendix page 32 in the Love Appeal, the final relief sought, the paragraph beginning with fourth says, the court can order any other such relief as may be appropriate in the interest of justice or in the aid, and in the aid of jurisdiction. And here what I'm suggesting is... Mr. Lindgren Okay, where specifically would you say that the courts should order the board to make a decision on the interim payments issue? And there never was a request to the board in the Love case as opposed to the Lindgren case. Ms. McFarland Right. And there was no request in the Love case because such a request isn't necessary. Because... And if I see Your Honor smile, so let me address that why. And first, of course, the issue is we don't have an avenue for appellate relief while the board has said it won't address this issue while the merits are pending. In addition, in this court's precedent under... Mr. Lindgren They're wrong. Ms. McFarland We agree that they're wrong. And that's what the Lindgren appeal is based on. But also in this court's precedent in Milan v. Jansen, this court held that to invoke mandamus authority that you only need to set the administrative machinery into motion. You don't need to exhaust every possible path for relief. And it doesn't matter how prospective the future jurisdiction is. In that particular case, it's helpful because there, this court was addressing the denial of institution from an IPR petition. The petition for mandamus did not present the same issues, of course, that the petition for IPR presented to the board. But nonetheless, this court held it had mandamus authority over the petition because the initial act of filing an IPR petition sets the administrative machinery into motion. We have that here. Each of the veterans has received a reduction, has appealed that reduction, and has set the administrative machinery into motion such that the decision on an implementation date is within the future jurisdiction of the Veterans Court and has been blocked by the board's actions here. The veterans did not need to seek an agency decision to first get to first before they could seek relief for this harm. And doing so would be futile because it would negate because we know that the board won't address that issue without an order compelling it to do so. And this is akin to the Supreme Court's decision in FTC versus Dean Foods where they held that relief, if providing relief is virtually impossible, then mandamus authority is invoked. The government did not have any response to these arguments in their brief. And instead, they only challenged if this decision seeks substantive monetary relief and we submit that it does not because instead of seeking, for example, a remedy for agency harm, the veterans here are seeking to preserve the status quo. It's not disputed that they have full rights to appeal the reduction and it's not disputed that those appeals are pending. So what they're seeking is only to preserve the status quo, that the entire benefit system is created to protect them for this harm. They've come to rely on these payments. The decisions reducing them are non-final and remain pending and have been pending for years. The veterans should not be the ones to bear the harm while this decision works its way through agency appeals. And I'd just like to briefly address the merits. We're not asking this court to reach the merits in the first instance, of course, because The last case we're hearing today, 1465, that resolves one way or the other. That would resolve one way or the other. Mr. Love's merits, correct? Yes, Your Honor. But it wouldn't No, it's a different issue. The merits of the third Love case are not the same as the merits here. Um, the third Love case addresses the merits of Mr. Love's reduction. It does not address the merits of whether mandamus relief is appropriate. No, no, it also doesn't address the merits of whether the agency has to make interim payments. Correct, Your Honor. I don't, I'm not, I don't mean to suggest that it would resolve that. I'm sorry. That's what I meant. It addresses the merits of the reduction. With the issue of the 7528 and so forth. Yes, Your Honor. And to put that in perspective, if you think of expenses Your Honor's face in an ordinary day paying mortgages for groceries, for gas. If you can't make those payments on a monthly, month-to-month basis, it's no relief to five to seven years down the road, receive a lump sum. At that point, you've been forced to change your lifestyle. And that's the harm that the veterans are facing here. And I see them in my rebuttal time. So unless Your Honor's have any further questions, I'll. Okay. Thank you, Ms. Kwan. May it please the Court. So far this morning, there's been a lot of discussion about the alternatives, alternative avenues to appeal. But I'd like to discuss the threshold question even before that. I think the roadmap for this case should be the Supreme Court's decision in Clinton v. Goldsmith. That's another case applying, assessing whether there's jurisdiction in Article I court to entertain a petition for mandamus. And there, the Supreme Court separately addressed the in-aid-of question before even reaching the necessary and appropriate question that really overlaps with whether there are alternative avenues to appeal. The second half of the Supreme Court's decision only reached that, essentially in the alternative, saying even if we can assume there's some arguable basis for jurisdiction, then there's no, it's not necessary and appropriate for the Court of Appeals for the Armed Forces there because there's alternative avenues. You're saying, Ms. Kwan, we should look first at the issue of whether the petition, if granted, would be an aid of jurisdiction. Exactly. And on that question, again— After that, do you get to other avenues of relief issue? That's right, Your Honor. And the Clinton v. Goldsmith has a roadmap for that analysis as well because it starts with the Article I court's jurisdiction. Here, the veterans court's jurisdiction, of course, is to review decision of the board. And there's no board decision here. But when you look to this court's cases that have applied mandamus, they are in that exact framework in Cox, in Bates, in Martin. The question is, is there a block to get a decision to the veterans court? Do you agree there's an alternative remedy by appeal here? I mean, the board can't just say, oh, well, there's a request for interim relief. We'll decide that when we decide the merits. That's wrong, right? Well, I don't know. I don't agree that it's wrong necessarily on the merits, but the merits are a different question. Wait, wait, wait. That's not—I'm talking about do they—I'm not saying how they have to decide it. But if there's a request for interim relief presented to the board, and the board receives that, they cannot deal with it by saying, oh, well, we'll decide that later on when we decide the merits of the case. They can't do that, right? I don't think I can agree 100% with that statement. But I can agree that there would be a mandamus relief if the veteran could show they have a clear and indisputable right to an interim decision in advance of the underlying merits, they can bring that argument to the veterans court and say— Okay, but how can the board possibly justify not reaching a decision on the question? I don't understand that. Well, I think the reason is that, and this does get to the merits that we don't think the court should entertain, but the issue is the statute's clear, the regulation's clear on the effective date issue. 38 U.S.C. 5112. So the board, perfectly within its rights to say we don't agree about the construction, we think there's no right to interim relief. They just can't say, oh, well, we're not even going to address that question until we reach the merits. Because they're essentially defeating the right by postponing the decision, right? I don't think I can agree with that here, Your Honor. And it's not presented in this case, of course. But I do certainly agree that as to the mandamus question, could a veteran go to the veterans court and say, there's a blockage, I do have a right to an interim decision. And there's been a blockage because the board is not giving me that interim decision. They're holding it back. That would, the veterans court could say, that's an aid of our jurisdiction. They could apply the track factors and assess whether there's an unreasonable delay. Did they ask for that here? They did not ask for that here, Your Honor. They've only asked for the substantive relief, which is payment of money. They've asked for the overpayment of benefits at the pre-reduction rate. And they've asked the veterans court to order that when the VA has never decided it. The board has not decided it. And there's a consensus. I mean, do you agree that if the board denies interim relief, that that's an appealable order? Well, I think so. Because the question would be, the veterans court said this arises, the veterans court really took the petition as it was presented. And the petition, the petition's claim was, we have a completely separate right here. As Your Honor noted, it's not the same as the underlying reduction issue. Completely separate right regarding this implementation date versus effective date. And the veterans court explained that is something that arises under 511, 38 U.S.C. 511. That's for the secretary to decide. And then it can be appealed to the board and to the veterans court. So to the extent that it's a separate issue on the merits, of course, we don't think it actually is. The effective date statute is clear. The regulation in turn says that where an award is reduced, the reduced rate will be payable the day following the date of discontinuance of the greater benefit. That regulation is also law. So I think the law is clear here. But that's, we agree with Ms. McKenna, that's a merit issue. And this court is reviewing the jurisdictional question. And if there is an appeal, Rule 8 relief is potentially available, correct? Yes, Your Honor. Yes. Okay. But the in-aid of piece is really the critical piece here. And there aren't any arguments made on appeal on that point. The arguments on appeal focus on the merits issue, the effective date versus implementation date argument, and then the mootness issue, which is really an alternative avenues issue. And in the in-aid of argument, there was really only one key argument on that point made to the veterans court. And that was the argument that the overpayment issue was deciding that was an aid of the veterans court's jurisdiction because there could be a potential overpayment dispute in the future that would be within the veterans court's jurisdiction. That was what was in the petition for the argument regarding in-aid of. And the veterans court correctly rejected that in the opening brief in Mr. Love's appeal here, Mr. Love and the consolidated appellant said, there's no need to reach that issue. So what we're left with on appeal is no argument at all from the consolidated appellant regarding how their request for payment to order the VA to pay money is in aid of the veterans court's role as a reviewer of board decisions. They're not asking for, it's not in aid of the veterans court's jurisdiction. It would be the veterans court supplanting the VA and the board as the initial decision maker. So we think the court really need not go any further than to say, this court's role is to review the veterans court. So the question is of the arguments presented to the veterans court, did the veterans court air in any of them? And because on that court issue, the in-aid of issue, there certainly was no error. There's not even any arguments that have been raised on appeal on that point. And if there's no further questions, we'd ask the court to please affirm. OK. Thank you. Thank you, Your Honors. Two quick points on rebuttal. First, at no point during opposing counsel's argument did she dispute that the harm here is mooted without a mandamus relief. She instead focused on that there's no block in aid of jurisdiction, but there is. I don't understand that. I mean, she agrees there's a remedy by appeal. And if you do appeal, you've got a rule eight motion. And she does agree that if the board declines to decide the interim relief question, that's subject to a mandamus petition. She's not saying there's no remedy. There's no, let me rephrase that. She focused on there being a block in aid of jurisdiction piece. And our argument here is there is a block because the harm is mooted. The harm, yes, the harm can't be addressed without relief. Delay, undo. What is the block to the veterans court's jurisdiction? The block is that the board has held it. The board has made clear that it won't address this issue without addressing the merits. That's not binding on us, is it? If this court can order the veterans court to compel a decision, again, then we would take that as relief. We're not disputing that that would provide relief. But as the facts stand before us, the board has made clear that it won't address this decision without addressing the merits. And at that point, the decision that is non-final becomes final. And we don't have this interim period for relief. And what exactly, let me move on. I'm sorry. Quickly, my last point is only that undo delay is not the only block. And we've seen that in transfer cases. And we've seen that in the Supreme Court's FTC decision. So there is a block here. And we submit that without mandamus relief, the veterans petition for relief could never be addressed. OK, thank you. Thank both counsel. The case is submitted.